BROWNSVILLE LUMBER CO., INC., Appellant, v. ROSE WEINER, Respondent, and "DAVID" WEINBERG and Others, Defendants.— Order opening default reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion the facts appearing in the record establish that defendant Rose Weiner was served with a summons and complaint in this action. The learned justice at Special Term had no power, without an affidavit of merits, to open her default. This decision is without prejudice to her right to make a motion to open the default upon showing a meritorious defense. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

FRANK D'AMORE, Appellant, v. THE SWEDISH AUGUSTANA HOME FOR THE AGED and Others, Respondents.— Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiff for $3,500, with interest and costs. The learned official referee erred in construing the contract so as to include the work on the old existing brick building owned by the defendant home, in that the evidence discloses that this building was not on the southwest corner of Sixtieth street, but rather on the southerly side of Sixtieth street, forty-five feet west of Seventeenth avenue, and, therefore, not within the description of the premises at which the services were to be performed and the materials furnished. The evidence also discloses a practical construction of this contract by defendant Headcraft Construction Corporation, in that it paid him extra for services performed and materials furnished in connection with the old brick building, and also paid him $800 on account of the contract at a time when it had knowledge of plaintiff's claim that no work on the old brick building was included in his contract. Findings of fact and conclusions of law inconsistent herewith are reversed and appropriate findings and conclusions will be made. Lazansky, P. J., Rich, Young, Carswell and Scudder, JJ., concur. Settle order on notice.

CHARLES L. DEMARTINI, Appellant, v. ADOLF GOBEL, INC., Respondent.— Order granting motion for change of venue affirmed, with ten dollars costs and disbursements. Under the circumstances disclosed by this record, we are not disposed to interfere with the discretion exercised by the learned justice at Special Term. Our decision is limited to the facts in this case and is not to be deemed a departure from our usual rule upon such applications. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

MELENE GOLDMAN, Respondent, v. HELEN S. BADE, Appellant.— Order of the County Court of Westchester county, affirming order of the City Court of New Rochelle, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

LOUIS GRIESSMAN, Appellant, v. RAYMOND M. FISHER, Respondent.— Order dismissing complaint for insufficiency affirmed, with ten dollars costs and disbursements. While we disapprove of the conduct of defendant in entertaining jurisdiction of this case, we do not think he was legally disqualified. (*People ex rel. Cooper v. Sheriff of the County of Washington*, 208 App. Div. 823.) Lazansky, P. J., Young, Kapper and Carswell, JJ., concur; Hagarty, J., dissents upon the ground that the complaining witness in a criminal prosecution is a party to the controversy within the meaning of section 15 of the Judiciary Law.■